## GILL *v.* STATE OF INDIANA.

[No. 28,980.   Filed March 30, 1953.]

*Joe Vol Butt* and *F. Wesley Bowers,* of Evansville, for appellant.

*J. Emmett McManamon,* Attorney General, and *Clyde H. Jones, John Ready O'Connor* and *Norman J. Beatty,* Deputy Attorneys General, for appellee.

DRAPER, J.—The appellant was charged, by way of an amended affidavit filed in the city court of Evansville, with the offense of driving a truck on the highways of Indiana 10,210 pounds overweight, without a permit.

The city court found the appellant guilty and assessed a fine of $1,021.00 as required by Burns' Stat., 1952 Repl., §47-536a. The appellant appealed to the Vanderburgh Circuit Court where he was again found guilty and the same penalty was assessed.

The question reserved below and presented here is whether the city court had jurisdiction of the case and, if not, whether the Circuit Court was therefore also without jurisdiction on appeal.

Evansville is a city of the second class. Burns'. Stat., 1946 Repl., §4-2402 provides that a city judge

". . . shall have and exercise within the county in which such city is located the powers and jurisdiction now or hereafter conferred upon justices of the peace in all cases of crimes and misdemeanors, except as otherwise herein provided. He shall have exclusive jurisdiction of all violations of the ordinances of such city. *In all cities of the first and second and third class he shall have exclusive jurisdiction of the trial of all misdemeanors*

*constituting violation of highway traffic ordinances
of such city, and of violations of the highway traf-
fic laws of the state of Indiana;* but this act shall
not abridge the right of appeal from the judgments
of said court to either the circuit or criminal courts
of the state, as such right of appeal now exists in
law. He shall also have original concurrent juris-
diction with the circuit court or criminal court in
all cases of petit larceny and all other violations
of the laws of the state where the penalty provided
therefor can not exceed a fine of five hundred dol-
lars ($500) and imprisonment in the jail or work-
house not exceeding six (6) months, or either or
both: Provided, That such city judge, in any case
brought before him charging any person with a
crime or misdemeanor, if, in the opinion of such
judge, the punishment which he is authorized to
assess is not adequate to the offense, may so find,
and in such case he shall hold such prisoner to bail
for his appearance before the proper court, or com-
mit him to jail in default of such bail."

The question presented involves the meaning and ef-
fect of that portion of §4-2402 which we have italicized.

In *Basson* v. *State of Indiana* (1933), 205 Ind. 532,
187 N. E. 344, we said this language was not intended
to deprive circuit, superior or criminal courts of
jurisdiction in this class of cases, but instead its
purpose was to divest justices of the peace of
jurisdiction thereof. In the light of the conclusion we
there reached, to the effect that the language under
consideration was intended only to affect the jurisdic-
tion of justices of the peace in this class of cases and
not that of circuit, superior or criminal courts, it seems
apparent that the jurisdictional relationship of city
courts with circuit, superior and criminal courts re-
mained unchanged, and that the jurisdiction of city
courts was not enlarged, nor the jurisdiction of circuit,
superior or criminal courts diminished thereby.

As originally enacted, §4-2402 was §216 of ch. 129,

Acts 1905. The seventh sentence, a part of which we have italicized, was added in 1921 by ch. 70 of the 1921 Acts. Burns' Stat., 1946 Repl., §4-2403 as originally enacted was §217 of ch. 129, Acts 1905. It was also amended in 1921 by ch. 161, Acts 1921. When originally enacted it provided in part that:

> "In the trial of any person in any city court for the violation of any law of this state or ordinance of such city, the court or jury shall have power to assess a fine in any sum not exceeding five hundred dollars ($500), or adjudge imprisonment, as a part of the sentence, for any time not exceeding six (6) months, in the county jail, work-house or other lawfully designated place of confinement, or both."

It still so provides. No change in that respect was made by the 1921 amendment.

Reading the two sections as amended together, as we should, and having in mind the effect of our decision in *Basson* v. *State, supra,* it would seem that the jurisdictional limitation of $500 fine and six months imprisonment continues to apply to violations of highway traffic laws of the state, as well as to other violations of the law. Had the legislature. intended otherwise, it would not have left unchanged that portion of §4-2403 above set out when it amended that section in 1921.

City courts are of necessity courts of limited and inferior jurisdiction. They are not equipped to consider and dispose of the more serious infractions of the law. They possess only that jurisdiction which is expressly conferred by statute or such as is necessarily implied or incidental to the jurisdiction so conferred. *Steinmetz* v. *G. H. Hammond Co.* (1906), 167 Ind. 153, 78 N. E. 628. Read literally and alone, the language of §4-2402 under consideration would confer upon city courts of cities of the first three

classes jurisdiction of all violations of the highway traffic laws of the state, without limitation to violations of the class of misdemeanors. For example, §47-536a, which is here involved, provides a penalty of not less than $500 nor more than $1000, to which may be added imprisonment in the state reformatory or state prison for not less than one nor more than five years, for moving an overweight vehicle after the same has been impounded, except as directed by an officer. No valid reason for so greatly expanding the authority of city courts in this particular class of cases is apparent or suggested, and we do not believe the legislature intended to do so.

From what has been said we conclude, as we inferentially held in *State* v. *Reeves* (1952), 230 Ind. 645, 104 N. E. 2d 735, that the jurisdiction of city courts was not enlarged by the 1921 amendment of §216, ch. 129, Acts 1905.

The city court had no jurisdiction, *Nace* v. *The State* (1889), 117 Ind. 114, 19 N. E. 729, and since the jurisdiction of the circuit court on appeal depended upon the jurisdiction of the city court, the circuit court could acquire none. *Nace* v. *The State, supra,* at p. 119; *State* v. *Schelton* (1933), 205 Ind. 416, 186 N. E. 772; *Steinmetz* v. *G. H. Hammond Co., supra; Mays* v. *Dooley* (1877), 59 Ind. 287.

Judgment reversed and cause remanded with instructions to discharge the appellant.

NOTE.—Reported in 111 N. E. 2d 275.