**Arthur PITTS, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 1–580A140.**

Court of Appeals in Indiana,
First District.

Oct. 2, 1980.

Ray Warren Robison, Bedford, for defendant–appellant.

Theodore L. Sendak, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for plaintiff–appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Arthur Pitts appeals from his jury conviction of theft, a class D felony,[1] and from his sentence as an habitual offender.[2] Because the trial court has granted Pitts a new sentencing hearing on the habitual offender count, we face now only the jurisdictional aspect of that issue. We affirm the remaining part of the trial court's judgment which is final.

## FACTS

Appellant Pitts drove away from Bridwell Auto Sales in Bedford, Indiana, in a 1969 four–door bronze Cadillac with a black vinyl roof, ostensibly for the purpose of discussing its purchase with his wife. When Pitts did not return the car by evening, Bridwell reported it missing to the Bedford police. Pitts was apprehended, together with the car, in Leavenworth, Kansas. He said that he was going to Almagordo, New Mexico, where his wife lived.

Captain Robinson and Lieutenant Holiday of the Bedford Police Department went to Kansas to bring Pitts back to Indiana.

They gave Pitts the *Miranda* warnings when he entered the car for the twelve and one–half hour trip back to Bedford. Pitts indicated that he understood his rights; nevertheless, he voluntarily conversed with the officers about the events leading to his apprehension in Kansas.

## ISSUES

Appellant states the following as issues for appeal:

### "STATEMENT OF THE ISSUES

"I.  Whether or not the court erred in permitting officer James Robinson to testify at the trial to statements given by the defendant over objection concerning the inadequacy of the *Miranda* Warnings given; specifically, that the defendant was not fully advised of his constitutional rights in that he was not advised that any statements he gave would be used against him in court.

"II.  Whether or not the court erred in overruling defendant's motion for directed verdict at the close of the state's case based upon the state's failure to properly identify the vehicle testified to as one and the same charged in the affidavit.

---

1.  Ind. Code 35–43–4 2(a): "A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony."

2.  Ind. Code 35–50–2–8:

    "(a) The state may seek to have a person sentenced as an habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated *felony convictions*. A *person who is* found to be an habitual offender shall be imprisoned for an additional fixed term of thirty (30) years, to be added to the fixed term of imprisonment imposed under section 3, 4, 5, 6, or 7 of this chapter.

    "(b) After he has been convicted and sentenced for a felony committed after sentencing for a prior unrelated felony conviction, a person has accumulated two (2) prior unrelated felony convictions. However, a convic-

tion does not count, for purposes of this subsection, if:

    (1) it has been set aside; or

    (2) it is one for which the person has been pardoned.

"(c) If the person was convicted of a felony in a jury trial, the jury shall reconvene for the sentencing hearing; if the trial was to the court, or the judgment was entered on a guilty plea, the court alone shall conduct the sentencing hearing, under IC 35–4.1–4–3.

"(d) the jury (if the hearing is by jury), or the court (if the hearing is to the court alone), may find that the person is an habitual offender only if the state has proved beyond a reasonable doubt that the person had accumulated two (2) prior unrelated felony convictions. *As added by Acts 1976, P.L. 148, SEC. 8. Amended by Acts 1977, P.L. 340, SEC. 121.*" This statute has been amended effective April 1, 1980.

"III. Whether or not the court erred in overruling defendant's motion to dismiss the habitual offender affidavit since county court does not have the jurisdiction to modify a sentence beyond the maximum four–year term of a Class D Felony.

"IV. Whether or not the court erred in not conducting a sentencing hearing as requested by defendant, and in not obtaining a presentence report in order to ascertain if the conviction was to be treated as a Class A Misdemeanor under I.C. 35–50–2–7, all of which was necessary to determine if in fact a felony conviction had taken place to support an habitual offender affidavit and hearing thereon.

"V. Whether or not the court erred in permitting Mrs. Lynn McCreary, Lawrence County Probation Officer, to testify as to communications given her by the defendant during a pre–sentence report, whose testimony was objected to as confidential under I.C. 35–4.1–4–14.

"VI. Whether or not the court erred in overruling defendant's motion to dismiss the affidavit of habitual offender status at the close of the State's case thereon, which motion was based upon the use of confidential evidence (as listed in Argument V), together with the improper identification of the defendant herein as the defendant in the prior alleged felonies."

## I.

Appellant contends that officer Robinson should not have been permitted to testify at trial about the voluntary statements which he (Pitts) made while riding from Kansas to Indiana. He contends that his constitutional rights were violated because the officer did not give him the *Miranda* warnings each time before he began to speak and because officer Robinson's testimony revealed that he did not advise Pitts that any statements he gave would be used against him in court.

We remind Appellant that the key words which open the door to the requirement that the *Miranda* warnings be given are "custodial interrogation." From officer Robinson's testimony it is clear that the necessary element of interrogation was absent from this case. The record reflects that the officer stated:

"We did not question Mr. Pitts. He was not questioned by us. The things that he said were absolutely voluntary.

.    .    .    .    .

"He was never put under any questioning by me or Lieutenant Holiday."

The concept of custodial interrogation does not extend *Miranda* safeguards to spontaneous, voluntary utterances. *Johnson v. State*, (1978) Ind., 380 N.E.2d 1236. Appellant's statements having been voluntarily uttered and in no way the result of interrogation, his allegation of error on this issue is not well taken.

## II.

Appellant's second contention of error is that the state did not prove that the vehicle with which he was charged as having stolen was the same vehicle that was stolen. This allegation by appellant is merely an invitation to this court to weigh the evidence offered by the state to prove the element of the crime dealing with the "property of another person." We may not reweigh the evidence or judge the credibility of witnesses on appeal. *Proctor v. State*, (1979) Ind., 397 N.E.2d 980. Therefore, we shall look only to the evidence most favorable to the judgment, and if there is evidence of probative value to support each element of the crime charged, the conviction will be upheld. *Schilling v. State*, (1978) Ind., 376 N.E.2d 1142. The state need not introduce into evidence the physical object of the theft charged. *Pulliam v. State*, (1976) 264 Ind. 381, 345 N.E.2d 229. The testimony of Mr. Bridwell that appellant drove off from Bridwell's lot in Bridwell's 1969 four–door bronze Cadillac with a black vinyl roof and that the next time Bridwell saw "his car" was when it was delivered to him from Leavenworth, Kansas, and officer Robinson's testimony that he found appellant in Leavenworth, Kansas,

with a 1969 four–door bronze Cadillac with vinyl top, together with appellant's spontaneous statements that he intended to take Mr. Bridwell's car to New Mexico were sufficient evidence from which the trier of fact could infer appellant's guilt on this element beyond a reasonable doubt. The trial court properly denied appellant's motion for a directed verdict.[3]

### III, IV, V, and VI

Issues III, IV, V, and VI have been rendered moot for purposes of this appeal inasmuch as the trial court has granted that portion of appellant's motion to correct errors requesting a new hearing on the issue of sentencing as an habitual offender. Although this court will not render its opinion on issues not properly before it, we find that in the interest of judicial economy the issue dealing with the jurisdiction of the trial court, being a county court, to sentence pursuant to IC 35–50–2–8 should be determined prior to the court's final determination of the sentence to be imposed in this case.

Appellant contends that the trial court, being a county court, had no jurisdiction to sentence him as an habitual offender pursuant to IC 35–50–2–8. He argues that since the county court's jurisdiction in criminal cases is limited by Ind. Code 33–10.5–3–1(a)(3) to "original and concurrent jurisdiction of all Class D felony, misdemeanor, and infraction cases," the court may not impose a sentence more severe than that applicable for commission of a class D felony. Ind. Code 35–50–2–7 fixes the punishment for conviction of commission of a class D felony at a term of two year's imprisonment with a maximum of two years added for aggravating circumstances and in addition at a fine of not more than ten thousand dollars. Because the term of imprisonment for a person found to be an habitual offender imposed under IC 35–50–2–8 is an additional thirty years, appellant reasons that the county court lacks jurisdiction to make an habitual offender determination. We disagree.

■ Appellant is correct in stating that Indiana courts have only such jurisdiction as is granted by constitution or statute. However, jurisdiction is specifically conferred upon county courts as to class D felonies in IC 33–10.5–3–1(a)(3). The fallacy in appellant's reasoning becomes obvious when carried to its logical conclusion. That is, appellant could not contend that if the state had charged him with two or more class D felonies upon which convictions were obtained in the county court that the county court could not have sentenced him to more than four years imprisonment *in toto*. Furthermore, it has been held that Indiana's current habitual offender statute "does not establish a separate crime; it merely provides for the imposition of a greater sentence for the crime charged." *Norris v. State*, (1979) Ind., 394 N.E.2d 144, 147. *See also, Wise v. State*, (1980) Ind., 400 N.E.2d 114; *State v. McMillan*, Ind., 409 N.E.2d 612 (1980). That such a holding is the only reasonable interpretation of the statute is apparent when one considers that "[t]he purpose behind the habitual offender statute is to more severely penalize those persons whom prior sanctions have failed to deter from committing felonies." *State v. McMillan, supra*, at ——, 409 N.E.2d 612.

■ We, as is the appellant, are bothered by the fact that the legislature has not explicitly conferred upon county courts the mantle of jurisdiction in habitual offender cases, for we are cognizant that county courts, as courts of limited jurisdiction, possess only that jurisdiction which is expressly conferred by statute and which is not to be enlarged by implication. *State v. Rice*, (1956) 235 Ind. 423, 134 N.E.2d 219. Nevertheless, our Supreme Court has also stated that courts of limited jurisdiction "possess only that jurisdiction which is expressly conferred by statute *or such as is necessarily implied or incidental to the jurisdiction so conferred."* *Gill v. State*, (1953) 232 Ind. 36,

---

**3.** We note that what appellant had in mind here was a Motion for Judgment on the Evidence pursuant to Ind. Rules of Procedure, Trial Rule 50 and that the granting of such motion is appropriate only where there is a total lack of evidence on a material issue.

39, 111 N.E.2d 275. (Emphasis ours.) We note that IC 35-50-2-7, which is the sentencing provision for class D felonies, is followed immediately by IC 35-50-2-8, the habitual offender statute which specifically refers to section 7 (see fn. 2 above). We note also that although IC 33-10.5-3-1 in setting forth the jurisdiction of county courts does not include reference to the habitual offender, neither does Ind. Code 33-10.5-3-2, which specifies those matters excluded from a county court's jurisdiction, exclude the habitual offender statute. Since an habitual offender charge may not exist independently of an underlying felony charge, it would be absurd to conclude that the county court would have jurisdiction over all class D felonies *except* those with an habitual offender affidavit attached unless the legislature so stated. Because the legislative intent is clear that county courts possess explicit jurisdiction over *all* class D felonies, we feel that it must necessarily possess all requisite authority for conviction and sentencing pertinent thereto.

We hold, therefore, that the trial court did not err in admitting the officer's testimony concerning Pitts' voluntary statements, in refusing to grant a judgment on the evidence in Pitts' favor, or in exercising jurisdiction pursuant to the habitual offender affidavit. We affirm appellant's conviction of theft, a class D felony, but dismiss the appeal as to those issues other than jurisdiction dealing with his sentence as an habitual offender.

So ordered.

ROBERTSON, P. J., and NEAL, J., concur.