Pecola A. SMITH, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 4–783A194.

Court of Appeals of Indiana,
Fourth District.

Dec. 20, 1984.

Rehearing Denied Feb. 21, 1985.

Richard J. Thonert, Romero & Thonert, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Appellant-defendant Pecola Smith was convicted of battery, a Class A misdemeanor. We have restated her issues on appeal as follows:

1. Was the evidence sufficient to support conviction?
2. Did the trial court err in setting restitution without receiving evidence of actual loss sustained, determining Smith's ability to pay, or fixing the manner of payment?

■ Smith first argues that the evidence was insufficient to support her conviction. On appeal, we will neither reweigh the evidence nor assess the credibility of witnesses and will review only the facts most favorable to the state. *Williams v. State* (1982), Ind., 433 N.E.2d 769. The state had to prove beyond a reasonable doubt the following elements: (1) knowingly or intentionally (2) touching another person (3) in a rude, insolent or angry manner (4) resulting in bodily injury. IND.CODE 35-42-2-1 (1981).

■ The evidence most favorable to the state shows that, as Pamela Lapsley walked toward her house, Smith grabbed her without provocation, hit her in the back and stomach, yanked her hair and pulled her backwards. At some point, Lapsley began to fight back. Lapsley testified that as a result of this beating, she received several scratches and a leg laceration, was knocked unconscious, and received treatment at St. Joseph's Hospital. From this evidence, the trial court could find an intentional rude touching resulting in bodily injury. The evidence was sufficient to support Smith's conviction.

■ Smith specifically contends that the state failed to prove that she was not acting in self-defense. Once raised, the state must negate self-defense beyond a reasonable doubt. *Palmer v. State* (1981), Ind., 425 N.E.2d 640. It may meet this burden by relying on the sufficiency of its evidence in chief. *Wash v. State* (1983), Ind., 456 N.E.2d 1009. Although Smith testified that Lapsley initiated the fight, neither of the other two witnesses for the defense saw the beginning of the incident. The court was not required to believe Smith's account. In light of Lapsley's testimony that Smith attacked her without provocation, the court was justified in concluding that Smith's claim of self-defense had been negated beyond a reasonable doubt.

Smith next contends that the trial court failed to follow the statutory requirements for suspending sentence based on restitution. On November 4, 1983, after the court found Smith guilty, the deputy prosecutor stated that medicals totalled $284.80. The court then pronounced sentence as follows: "... a dollar plus costs and ninety days in jail suspended on condition of restitution and that you leave her alone." Defense counsel objected to restitution on the ground that there was no basis upon which it could be set and noted specifically that no medical bills had been introduced into evidence. On January 6, 1984, the trial court ordered that proof of restitution be submitted by February 10, 1984. On that date Smith showed proof of restitution and the court noted that defense counsel would hold the funds in trust pending resolution of Smith's appeal. Smith contends that restitution was improper because the court failed to base its order on costs resulting from the battery, inquire into her financial status, or fix the manner of payment. Smith cites IND.CODE 35-7-2-1(a)(5)

(1981) (repealed 1983 Acts, P.L. 311), which provides in pertinent part as follows:

(a) As a condition of probation, the Court may require that the person:

. . . .

(5) make restitution or reparation to the victim of his crime for the damage or injury that was sustained (When a restitution or reparation is a condition of the sentence, the court shall fix the amount thereof, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance.) . . . .

The state argues that this statute does not apply because, although Smith's sentence was suspended, she was not specifically placed on probation. The state cites, instead, IND.CODE 35–50–5–3 (1983), which provides:

(a) In addition to any sentence imposed under this article for a felony or misdemeanor, the court may, without placing the person on probation, order the person to make restitution to the victim of his crime. The court shall base its restitution order upon a consideration of:

(1) Property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate);

(2) Medical and hospital costs incurred by the victim (before the date of sentencing) as a result of the crime; and

(3) Earnings lost by the victim (before the date of sentencing) as a result of the crime including earnings lost while the victim was hospitalized or participating in the investigation or trial of the crime.

(b) An order of restitution under subsection (a) does not bar a civil action for other damages suffered by the victim.

■ We find that IC 35–7–2–1 governs this case, even though the court did not expressly put Smith on probation. Notwithstanding some language to the contrary,[1] it has been held that probation is merely the condition resulting from a suspended sentence. *State v. Lowdermilk* (1964), 245 Ind. 93, 195 N.E.2d 476. *Cf. Davis v. State* (1971) 256 Ind. 58, 267 N.E.2d 63 (holding that when the term of a suspended sentence exceeds the probationary period, a defendant is on "quasi-probation" for as long as the suspended sentence can be revoked.) We do not believe that IC 35–7–2–1 was intended to focus on the arguable distinction between suspended sentences and probation. Neither does the language of IC 35–50–5–3 compel such a conclusion. Cases preceding passage of this section suggest that it was not directed to any distinction between suspended sentences and probation, but was instead intended to empower the court to make restitution part of an executed sentence.[2] We find, therefore, that in a case such as the present one involving a suspended sentence but not necessarily probation, IC 35–7–2–1 governs any restitution order.

■ Smith argues that the court erred in setting an amount of restitution not based on medical costs or other expenses resulting from the battery. IND. CODE 35–7–2–1 authorizes the court to order restoration to the victim "for the damage or injury that was sustained." This language implies that restitution must reflect actual loss incurred by a victim. Although the court has discretion to suspend sentence and set the conditions of probation, that discretion is limited by statutory guidelines. *Maxwell v. State* (1983), Ind.App., 455 N.E.2d 1171. The amount of actual loss is a factual matter which can be determined only upon presentation of evidence. In this case, there is insufficient evidence in the record to support the

---

**1.** *See State ex rel. Gash v. Morgan County Superior Court* (1972), 258 Ind. 485, 283 N.E.2d 349, (DeBruler, J., *concurring*), *overruled in part, Hoffa v. State* (1977), 267 Ind. 133, 368 N.E.2d 250; *Ewing v. State* (1974), 160 Ind.App. 138, 310 N.E.2d 571, 576 n. 3, *overruled in part, Hoffa, supra.*

**2.** Prior to the passage of IC 35–50–5–3, this court reversed restitution orders issued with an executed sentence. *See, e.g., Barnett v. State* (1981), Ind., 414 N.E.2d 965; *Rife v. State* (1981), Ind.App., 424 N.E.2d 188.

court's restitution order. The only evidence of the extent of injury is the unsworn statement of the deputy prosecutor that medicals were $284.80. There was no evidence, however, that specific medical expenses were incurred by Lapsley as a result of Smith's battery. Defense properly objected that there was no basis upon which restitution could be made. We, therefore, remand for a determination of injury sustained based upon evidence.

█ Smith also contends that the trial court erred in failing to inquire into her ability to pay restitution and in failing to fix the manner of restitution. The record reveals no inquiry into Smith's ability to pay a specific amount of restitution upon certain terms. Although sometime after sentencing the court set a date for full payment, it does not appear that Smith's financial abilities had any effect on the setting of this date. We have held that under IC 35–7–2–1(a)(5) the trial court must inquire into the defendant's ability to pay before fixing the amount and payment terms of restitution. *Sales v. State* (1984), Ind.App., 464 N.E.2d 1336; *Maxwell, supra.*

Even if the state were correct in its contention that IC 35–50–5–3 applies, it could not thereby obviate the need for an inquiry into financial ability. In *Sales, supra,* we noted that equal protection concerns require the statutory provision that the court inquire into ability to pay before setting restitution. Those same equal protection concerns require a similar inquiry in setting restitution under IC 35–50–5–3.

On remand, therefore, the court should set an amount of restitution and method of payment based not only on Lapsley's injuries but also on Smith's ability to pay.

Conviction affirmed. Remanded for revision of the restitution order consistent with this opinion.

MILLER, P.J., and CONOVER, J., concur.