Brett WININGER, Appellant–Defendant,

v.

PURDUE UNIVERSITY,
Appellee–Plaintiff.

No. 79A04–9511–CV–460.

Court of Appeals of Indiana.

June 13, 1996.

Rehearing Denied July 25, 1996.

---

Lesley A. Meade, Lafayette, for Appellant.

William E. Emerick, Geoffrey L. Blazi, Stuart & Branigin, Lafayette, for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Brett Wininger (Wininger) appeals a trial court order allowing Purdue University (Purdue) to enforce, by means of proceedings supplemental to execution or a writ of execution or garnishment, a restitution order which was part of Wininger's sentence for Criminal Mischief, a class D felony.

We affirm.

### ISSUES

Wininger raises three issues, which we restate as:

1. Whether a county court has jurisdiction to enter a restitution order in excess of $10,000.00.

2. Whether an obligation to make payments pursuant to a restitution order as a condition of probation continues after the end of the probationary period.

3. Whether a crime victim must bring a separate civil action for money damages to enforce a restitution order in its favor.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On July 18, 1989, Wininger entered a plea of guilty to a charge of Criminal Mischief, a class D felony. Wininger forced his way into the Electrical Engineering building on the Purdue campus and caused extensive damage to several rooms in the building and to some expensive pieces of equipment in the building. A Purdue employee testified that the replacement or repair cost of the damaged equipment was $93,335.56, and that there was an additional $2000.00 to $2500.00 in damage to the building. That employee was cross-examined by Wininger's counsel, and Wininger's counsel offered to stipulate to the employee's figures regarding the damage amount.

The trial court accepted Wininger's guilty plea and sentenced him to four years in prison. That sentence was suspended, and Wininger was placed on probation for four years. One of the terms of probation was that Wininger make restitution to Purdue in the amount of $95,460.12, with payment scheduled to be 25% of his net income or $20.00 per week, whichever was greater. Wininger made the payments during the probationary period, but did not continue making payments after the probation ended. Purdue sought to enforce the restitution order by proceedings supplemental to execution, and the trial court granted its petition. Wininger appeals.

### DISCUSSION

#### I.

#### County Court Jurisdiction

Wininger first argues that the county court which sentenced him did not have jurisdiction to enter its restitution order because the order creates a judgment lien in an amount over $10,000. A county court has jurisdiction over contract or tort cases where the debt or damage claimed does not exceed ten thousand dollars, IND.CODE 33–10.5–3–1(a)(1) (1993), and it has jurisdiction over all class D felony cases, I.C. 33–10.5–3–1(a)(3). A restitution order is a judgment lien which attaches to the property of the person subject to it; may be perfected; may be enforced to satisfy payments that are delinquent under the order; and which expires in the same manner as a judgment lien in a civil proceeding. I.C. 35–50–5–3(b) (1995 Supp.). Based upon that statutory provision, and Purdue's argument that the lien created by the restitution order is the practical and legal equivalent of a civil money judgment, Wininger asserts that the trial court could not enter a restitution order in an amount greater than a money judgment it could enter in a civil suit.

The limitation on the amount a county court could award in a contract or tort action has no bearing on its authority to enter a restitution order in an appropriate amount in a felony prosecution. In addition to the jurisdiction expressly conferred by statute, county courts have such jurisdiction "as is necessarily implied or incidental to" the statutorily-conferred jurisdiction. *Gill v. State,* 232 Ind. 36, 39, 111 N.E.2d 275, 276 (1953). In *Pitts v. State,* 410 N.E.2d 1387, 1390 (Ind.Ct.App.1980), we applied the *Gill* rule in holding that a county court had jurisdiction to make an habitual offender determination resulting in a thirty-year sentence enhancement, even though the maximum sentence for a class D felony at that time was two years, with up to two years added for aggravating circumstances. I.C. 35–50–2–7(a).

We noted in *Pitts* that because the county court had jurisdiction over all class D felonies, "it must necessarily possess all requisite authority for conviction and sentencing pertinent thereto." *Id.* at 1391. Imposition of a restitution order is a form of punishment, *Smith v. State,* 655 N.E.2d 133, 134 (Ind.Ct.App.1995), *trans. denied,* and an order of restitution is as much a part of a criminal sentence as a fine or other penalty. *Kotsopoulos v. State,* 654 N.E.2d 44, 46 (Ind. Ct.App.1995), *reh'g denied, trans. denied.* Just as in *Pitts,* where it would have been "absurd to conclude that the county court would have jurisdiction over all class D felonies *except* those with an habitual offender affidavit attached," 410 N.E.2d at 1391, here it would be equally absurd to conclude that the county court had jurisdiction over all class D felonies except those for which restitution exceeding $10,000 was an appropriate part of the sentence. The fact that a restitution order creates a judgment lien which is similar in some ways to a civil judgment lien does not limit the county court's jurisdiction to impose an appropriate sentence for a class D felony.

## II.

### Restitution as a Condition of Probation

Wininger was not relieved of his obligation to make restitution when his probation ended. The judgment lien created by a restitution order may be enforced "to satisfy any payment *that is delinquent under the restitution order* . . . ." I.C. 35–50–5–3(b)(3) (emphasis added). Wininger argues that because the restitution order was a condition of his four years of probation, no payments can be due after the successful completion of that probation; thus, none can be "delinquent." Generally, once a term of probation has expired, the court loses all jurisdiction over the defendant and is powerless to enforce any conditions of the probation, even though it is aware the defendant has failed to meet a condition. *White v. State,* 560 N.E.2d 45, 46 (Ind.1990). However, the expiration of a probation period does not terminate an obligation to make restitution to a crime victim.

Unlike other conditions of probation, fines and restitution, because they can stand alone as a sentencing alternative, are considered "independent dispositions" which survive the expiration of the period of probation. *People v. Bertalot,* 518 N.E.2d 467, 470 (Ill. App.Ct.1987). Therefore, action can be taken either during or after the probationary period to recover restitution which was made a condition of the probation. *Id.* Our supreme court has implicitly recognized that the obligation to pay restitution survives the expiration of the probationary period. In *Savage v. State,* 655 N.E.2d 1223 (Ind.1995), the defendant received a six year sentence, with two years suspended subject to specified conditions of probation. One of the conditions was that Savage make restitution in the amount of almost $165,000.00. The court upheld the restitution order even though it would likely require Savage to pay 100% of his discretionary income for a period longer than he could be expected to live, *id.* at 1224, and identified the trial court's error as failure to incorporate in its restitution order a periodic payment amount that Savage could afford. *Id.* at 1225. Any such payment schedule would necessarily require that the payments continue well beyond Savage's period of probation.

Further, our legislature has created an explicit exception to the general rule when restitution is a condition of probation. A

court may order restitution either as a condition of probation or without placing the offender on probation. I.C. 35–50–5–3(a). But regardless of whether restitution is required as a condition of probation or as an independent sentence, the restitution order is not discharged by the completion of any probationary period. I.C. 35–50–5–3(f). One goal of restitution, as a condition of probation, is to compensate the aggrieved victim for monetary loss. *See generally* 24 C.J.S. *Criminal Law* sec. 1556 (1989). The legislature could not have intended that the amount of a victim's compensation ultimately depend upon whether a restitution order was imposed as a condition of probation or as an independent sentence. The plain language of the statute leaves no doubt that the legislature intended the victim's compensation to be the same in either circumstance.

### III.

### Independent Civil Action

Finally, Wininger argues that the judgment lien created by a restitution order is not enforceable to the same extent as a civil money judgment, thus the trial court erred when it held that Purdue could enforce the restitution order as a judgment by means of remedies available to judgment creditors—specifically, proceedings supplemental to execution and/or a writ of execution or garnishment. Rather, he asserts Purdue must bring an independent civil action for damages if it wishes to enforce the order by means of those remedies.

Wininger's argument is premised on the idea that a restitution order is the end result of a criminal proceeding which is focused on the guilt or innocence of the defendant, and not on determining the precise amount of damage. By contrast, the focus of a civil proceeding resulting in a money judgment is on the claimed obligation and the amount of it. Thus, he argues, a crime victim does not need to meet the same requirements of discovery and proof that a civil plaintiff must meet in order to obtain a civil money judgment, and for that reason, a crime victim should not be "bootstrapped" into that position by a restitution order.

■ Wininger's concern that a criminal defendant might be improperly burdened by a restitution order which is not supported by evidence of the actual amount of loss or damage is misplaced. Where, as here, a criminal prosecution involves property damage, the court must base its restitution order upon a consideration of "property damages of the victim incurred as a result of the crime, based on the *actual cost* of repair (or replacement if repair is inappropriate)...." I.C. 35–50–5–3(a)(1) (emphasis supplied). The statutory language implies that the restitution order must reflect the actual loss sustained by the victim, *Smith v. State,* 471 N.E.2d 1245, 1248 (Ind.Ct.App.1984) *reh'g denied, trans. denied,* and the amount of actual loss is a factual matter which can be determined only upon presentation of evidence. *Id.* Thus, the restitution order is the practical equivalent of a civil money judgment, and for purposes of the restitution statute, I.C. 35–50–5–3, it substitutes for the civil judgment which is normally the basis for a judgment lien. Because the trial court must base its restitution order upon evidence of the crime victim's actual loss, the victim is not obliged to subsequently pursue an independent civil action for money damages to enforce the restitution order, when the sole purpose of such an action would be to establish the amount of its loss.

■ Here, the evidence of Purdue's property damage losses was ample and unchallenged by Wininger at the sentencing hearing. An employee of the Purdue School of Electrical Engineering, where the damage was done, testified at length and in detail about the nature and amount of the damage to the building and equipment. That witness was cross-examined by Wininger's counsel, who did not challenge the amount of damage, and in fact offered to stipulate to it. The final restitution amount was volunteered at the hearing by Wininger's counsel based on a bill received from Purdue. The trial court properly determined the amount of actual loss upon a consideration of the evidence.

Wininger also appears to argue that the restitution order cannot be enforced by means of proceedings supplemental or a writ of execution or garnishment because a judg-

ment lien created by a restitution order attaches only to the real property of the defendant. The restitution order is a judgment lien that "attaches to the. *property* of the person subject to the order," I.C. 35–50–5–3(b)(1) (emphasis added), and may be enforced in the same manner as a judgment lien created in a civil proceeding, I.C. 35–50–5–3(b)(3).

■ The restitution statute nowhere limits the effect of the lien to real property, and the statutes and decisions governing civil judgment liens provide no basis for reading such a limitation into the restitution statute. *See, e.g.,* I.C. 34–1–44–7(b) (a judge may order that a judgment is a "continuing lien upon the *income or profits* of the judgment debtor ...") (emphasis supplied); *and see Muniz v. United States,* 129 Ind.App. 433, 449, 155 N.E.2d 140, 147 (1958), *reh'g dismissed* 129 Ind.App. 433, 156 N.E.2d 641 (noting the distinction in Indiana between judgment liens on personal property and on real estate). The restitution statute does not limit the property subject to the lien to real property, but rather gives a crime victim the right to enforce the lien by means of attachment of personal property or garnishment of wages.

### CONCLUSION

The trial court had jurisdiction to order Wininger to pay restitution in the amount of $95,460.12, and Wininger's obligation to make payments did not end with the expiration of his probationary period. The trial court correctly decided that Purdue could enforce the restitution order in the same manner as if the order were a civil money judgment, and its decision is affirmed.

Affirmed.

CHEZEM and FRIEDLANDER, JJ., concur.