

# IN THE
# Court of Appeals of Indiana

Chasity M. Turpen,

*Appellant-Defendant*



FILED

Apr 30 2026, 10:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

State of Indiana,

*Appellee-Plaintiff*

---

April 30, 2026

Court of Appeals Case No.
25A-CR-3024

Appeal from the Lawrence Superior Court

The Honorable Robert R. Cline, Pro Tem Judge

Trial Court Cause No.
47D01-2408-CM-1133

---

**Opinion by Judge Brown**
Judges Altice and DeBoer concur.

**Brown, Judge.**

[1] Chasity M. Turpen appeals the trial court's order of restitution. We reverse.

**Facts and Procedural History**

[2] On August 25, 2024, Turpen was found in a location in Bedford in a state of intoxication caused by her use of alcohol or a controlled substance. Turpen told Whitney Baker that "she needed to learn how to drive." Transcript Volume II at 12.

[3] On August 26, 2024, the State charged Turpen with Count I, criminal mischief as a class B misdemeanor, and Count II, public intoxication as a class B misdemeanor. Count I alleged that Turpen "did, without the consent of [Baker], recklessly or knowingly damage or deface the property of [Baker]." Appellant's Appendix Volume II at 10. Count II alleged that Turpen "was found . . . in a state of intoxication caused by [her] use of alcohol or a controlled substance, said location being a public place of public resort and [Turpen] was harassing, annoying or alarming [Baker]." *Id.*

[4] On August 20, 2025, Turpen and the State filed a plea agreement in which Turpen agreed to plead guilty to Count II, public intoxication as a class B misdemeanor. The plea agreement provided for a sentence of "180 days in [the Lawrence County Jail], with Time Served executed in [the Lawrence County Jail], remainder suspended" with probation beginning after the executed portion of the sentence and the dismissal of "all remaining counts and the entirety of Cause Number 47D01-2507-CM-000826" ("Cause No. 826"). *Id.* at

19. It also provided: "Restitution: The parties would request that this matter be set for a restitution hearing." *Id.*

[5] That same day, the court held a hearing. During the factual basis, Turpen acknowledged she was found in a state of intoxication, she "did have words" with Baker, she told Baker that she needed to learn how to drive, and that her behavior could objectively be seen as annoying. Transcript Volume II at 12. The court accepted the plea agreement and entered judgment of conviction for public intoxication as a class B misdemeanor. The prosecutor moved to dismiss the remaining count and the entirety of Cause No. 826, and the court granted the motion. The court scheduled a restitution hearing for November 6, 2025.

[6] On August 20, 2025, the court entered an order sentencing Turpen to 180 days in the Lawrence County Jail with 170 days suspended. Under the heading "Special Terms and Conditions of Probation," the court stated, "You shall pay restitution for damages or losses caused as a result of your actions in the amount of $TBD at the Restitution Hearing on November 6, 2025 at 11:00 a.m." Appellant's Appendix Volume II at 25 (capitalization and emphasis omitted).

[7] On November 6, 2025, the court held a restitution hearing. The State presented Baker's testimony. Baker testified that she pulled into a parking spot, that she "started cussing at" her, she "got so close to [her] car," and "[t]here is still the dent in my car" and "multiple scratch marks and everything else." Transcript Volume II at 20. She indicated that she received an estimate of $964.96 to

repair the damage to her vehicle. The prosecutor moved to admit the estimate, and the court admitted it. On cross-examination, Baker indicated that she had no reason to dispute that the count alleging that Turpen recklessly and knowingly damaged her property was dismissed. Defense counsel argued that the court could not order restitution because Turpen did not plead guilty to the criminal mischief charge. The court indicated it would order restitution of $964.96. Defense counsel asked if the restitution was a condition of probation and asked that it be reduced to a civil judgment due to Turpen's indigency. On November 14, 2025, the court entered an order that Turpen pay restitution of $946.96 and that "[s]aid restitution shall be entered as a civil judgment."[1] Appellant's Appendix Volume II at 9.

## Discussion

[8] Turpen argues that the trial court erred by ordering her to pay restitution. She contends that she did not plead guilty to the criminal mischief charge "nor did she lay a factual basis that would support a restitution order for that alleged conduct." Appellant's Brief at 11. She also argues that the portion of the plea agreement requesting that the trial court schedule a restitution hearing was not an explicit agreement to pay any and all restitution.

---

[1] The court's order appears to contain a scrivener's error as it ordered restitution for $946.96 instead of $964.96, which was the amount testified to by Baker, the amount mentioned in the estimate, and the amount mentioned by the court at the hearing.

The State cites to the probable cause affidavit and argues that "Turpen committed a crime when she, while intoxicated, yelled and cursed at Baker in the parking lot and slammed her truck door into Baker's car." Appellee's Brief at 8 (citing Appellant's Appendix Volume II at 12-13).[2] It also argues that "Turpen implicitly agreed to a restitution award as a provision in her signed plea agreement." *Id.* at 9. It contends that "[a] restitution hearing could have no purpose unless the parties were agreeing that restitution would be made for conduct underlying the dismissed charge." *Id.* In her reply brief, Turpen argues that the plea agreement's provision regarding a restitution hearing was not an agreement that she owed restitution and, even if the provision was ambiguous, it should be construed against the State as it furnished and drafted the agreement.

Ind. Code § 35-50-5-3 is titled "Restitution order" and provides:

> (a) Except as provided in subsection (i), (j), (l), or (m), in addition to any sentence imposed under this article for a felony or misdemeanor, the court may, as a condition of probation or without placing the person on probation, order the person to make restitution to the victim of the crime . . . . The court shall base its restitution order upon a consideration of:

---

[2] To the extent the State cites the probable cause affidavit, we note that neither the plea agreement nor the factual basis provided at the hearing referenced the probable cause affidavit and Turpen did not admit that the assertions in the probable cause affidavit were correct. During the factual basis established by the prosecutor at the hearing, Turpen acknowledged that she "did have words" with Baker and told her that "she needed to learn how to drive." Transcript Volume II at 12. The factual basis established at the hearing did not indicate that Turpen struck Baker's car.

> (1) property damages of the victim incurred as a result of
> the crime, based on the actual cost of repair (or
> replacement if repair is inappropriate);
>
> * * * * *
>
> (b) A restitution order under subsection (a), (i), (j), (l), or (m) is a
> judgment lien that:
>
>> (1) attaches to the property of the person subject to the
>> order;
>>
>> (2) may be perfected;
>>
>> (3) may be enforced to satisfy any payment that is
>> delinquent under the restitution order by the person in
>> whose favor the order is issued or the person's assignee;
>> and
>>
>> (4) expires;
>
> in the same manner as a judgment lien created in a civil
> proceeding.

[11] The Indiana Supreme Court has held that "Indiana courts have consistently treated restitution as a criminal sanction—one of several 'penal tools' that forms 'an integral part of the actual aggregate penalty faced by a defendant' and which is 'properly considered as part of the sentence.'" *B.K. v. State*, 235 N.E.3d 142, 146 (Ind. 2024) (quoting *Sharp v. State*, 970 N.E.2d 647, 650 (Ind. 2012) and citing *Wininger v. Purdue Univ.*, 666 N.E.2d 455, 457 (Ind. Ct. App. 1996) (characterizing the "[i]mposition of a restitution order" as a "form of punishment"), *reh'g denied*, *trans. denied*). "And '[b]ecause restitution is penal in nature, the statute providing for restitution **must be strictly construed** against

the State to avoid enlarging it beyond the fair meaning of the language used.'" *Id.* (quoting *Morgan v. State*, 49 N.E.3d 1091, 1094 (Ind. Ct. App. 2016) (emphasis added in *B.K.*)). "An order of restitution is a matter within the trial court's sound discretion and will only be reversed upon a showing of abuse of discretion." *Archer v. State*, 81 N.E.3d 212, 215 (Ind. 2017).

[12] To the extent the State relies upon the language in the plea agreement relating to the hearing on restitution, "[b]ecause plea agreements are contracts, contract law principles generally apply." *Anderson v. State*, 269 N.E.3d 817, 824 (Ind. 2025) (citation omitted). "Like any contract, we 'begin with its plain language.'" *Id.* (quoting *Berry v. State*, 10 N.E.3d 1243, 1247 (Ind. 2014)). "Any ambiguity is construed against the State, as the agreement's drafter." *Id.* "We review questions of contract interpretation anew, giving no deference to the lower court." *Id.* (citation omitted). The plea agreement provided: "Restitution: The parties would request that this matter be set for a restitution hearing." Appellant's Appendix Volume II at 19. While the State asserts such a provision equated to an agreement "that restitution would be made for conduct underlying the dismissed charge," Appellee's Brief at 9, we do not agree. We cannot say that the plea agreement provided for restitution as to the dismissed charge as it merely indicated that the parties requested that the matter be set for a restitution hearing.

[13] With respect to Turpen's argument that the trial court erred in ordering restitution when she did not plead guilty to the criminal mischief charge, we find *Polen v. State*, 578 N.E.2d 755 (Ind. Ct. App. 1991), *trans. denied*,

instructive. In that case, Polen pled guilty under a plea agreement to five of eleven counts, with the court to determine whether a sufficient factual basis existed on a sixth count. 578 N.E.2d at 756. The agreement also provided both the State and Polen would be allowed to present evidence as to the propriety of restitution. *Id.* The trial court accepted five of Polen's guilty pleas and determined the factual basis was insufficient on the sixth. *Id.* The court sentenced Polen and ordered that she pay restitution in the amount of $42,899.85. *Id.*

[14] On appeal, Polen argued that those portions of the trial court's restitution order covering crimes to which she did not plead guilty, of which she was not convicted, or did not agree to repay as restitution, were contrary to law. *Id.* at 756-757. This Court agreed and observed that pronouncement from the United States Supreme Court found in *Hughey v. United States*, 495 U.S. 411, 110 S. Ct. 1979 (1990), that held that "an award of restitution under the Victim and Witness Protection Act, 18 U.S.C. §§ 357918 U.S.C. §§ 3579 and 35803580, now [Miscellaneous Sentencing Provisions] §§ 3663 and 3664, is authorized only for the loss caused by the specific conduct which forms the basis for the offense of conviction."[3] *Id.* at 757. The *Hughey* Court held that "the language

---

[3] The *Polen* Court noted:

18 U.S.C. § 3663 provides for orders of restitution and states in pertinent part:

(a)(1) The court, when sentencing a defendant convicted of an offense under this title [Crimes and Criminal Procedure] or under subsection (h), (i), (j), or (n) of section 902 of the Federal Aviation Act of 1958 (49 U.S.C. 1472), may order, in

and structure of the Act make plain Congress' intent to authorize an award of restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction." *Id.* (quoting *Hughey*, 110 S. Ct. at 1981).

[15] The *Polen* Court observed that the plea agreement provided: "That there is no agreement as to the issue of restitution, other than it is agreed that each side shall be allowed to present evidence regarding said issue for the Court to decide." *Id.* It held, "Following the reasoning in *Hughey,* it is clear the trial court erred by ordering restitution in an amount greater than the sums involved in those crimes to which she actually pled guilty." *Id.* at 758.

[16] In light of the dismissal of the charge of criminal mischief and the record, we conclude that the trial court here abused its discretion in ordering that Turpen pay restitution. *See Polen*, 578 N.E.2d at 758; *see also N.R.H. v. State*, 25 N.E.3d 1280, 1283 (Ind. Ct. App. 2015) (holding that "[a]bsent an agreement to pay

---

addition to or in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense.

For comparison, IC 35-38-2-2(a)(5) provides in pertinent part:

As a condition of probation, the court may require a person to . . .

* * * * * *

Make restitution or reparation to the victim of his crime for the damages or injury that was sustained . . .

(This provision has since been amended to read, "Make restitution or reparation to the victim of the crime for damage or injury that was sustained by the victim.")

578 N.E.2d at 757 n.1.

restitution, a defendant may not be ordered to pay restitution for an act that did not result in a conviction" and concluding that the trial court abused its discretion when it awarded restitution that included losses from allegations of theft unrelated to the defendant's convictions); *Green v. State*, 811 N.E.2d 874, 879-880 (Ind. Ct. App. 2004) (observing that the State dismissed the criminal deviate conduct charge in exchange for defendant's guilty plea and the forensic sexual assault examination related to the criminal deviate conduct charge because that was the only charge that alleged contact of a sexual nature; holding that the State chose not to pursue the criminal deviate conduct charge and "it may not order restitution for that charge, which did not result in a conviction"; and concluding that the trial court's order that defendant pay restitution to the Adams County Prosecuting Attorney's deferral fund as restitution was improper); *Utley v. State*, 699 N.E.2d 723, 729 (Ind. Ct. App. 1998) (observing that the jury did not convict defendant of reckless homicide and had convicted him of failing to stop at the scene of an accident, it was "apparent in this case that the deceased was an accident victim and not a victim of a crime," and "[c]onsequently, no funeral, burial, or cremation costs were incurred by the victim's estate because of [defendant's] failure to stop at the scene of the accident"; and reversing the decision of the trial court), *trans. denied*, *abrogated on other grounds by Snow v. State*, 77 N.E.3d 173 (Ind. 2017).

For the foregoing reasons, we reverse the trial court's order of restitution.

Reversed.

Altice, J., and DeBoer, J., concur.

ATTORNEY FOR APPELLANT

Nicholas J. Moll
Lawrence County Public Defender Agency
Bedford, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Rebekah D. Bennett
Deputy Attorney General
Indianapolis, Indiana