**Edward CAUDILL, Appellant,**

v.

**COMMONWEALTH of
Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 26, 1986.

Discretionary Review Denied by
Supreme Court March 4, 1987.

Ned Pillersdorf, Prestonsburg, and Pat-
terson DeCamp, Lexington, for appellant.

David L. Armstrong, Atty. Gen. and Barbara A. Kriz, Asst. Atty. Gen., Frankfort, for appellee.

Before WILHOIT, COOPER and DUNN, JJ.

DUNN, Judge.

Edward Caudill appeals from a jury trial judgment of the Pike Circuit Court convicting him of second-degree possession of a forged instrument and sentencing him to one year in the penitentiary. The charge against him resulted from his endorsement of two checks made out to individuals who had submitted bills to Floyd County for materials which had never been supplied to it. At the time he was a magistrate on the Floyd County Fiscal Court. He was indicted as a result of an investigation which also led to indictments of a number of other Floyd County officials including the county judge-executive.

Because all of the defendants were so well known in Floyd County, the Commonwealth moved the court for a change of venue pursuant to KRS 452.210. Despite Caudill's strong protest, the trial court sustained the motion in finding that the Commonwealth could not "get a jury that is not prejudiced one way or another and who could decide the case on the facts and on the law as opposed to personal opinion or prejudice...."

Thereafter, the court entered an order changing the venue to adjacent Pike County. Based on this ruling, Caudill argues that KRS 452.210, dealing with change of venue, violates the Sixth Amendment to the United States Constitution and that the trial court, in granting the motion for change of venue, abused its discretion.

The Sixth Amendment to the United States Constitution provides:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law...."

He contends that provision prohibits the Commonwealth from successfully moving for a change of venue outside the "district" where the crime was committed.

■ Our research indicates that the issue thus posed is one of first impression in this Commonwealth, though not a complex or difficult one to decide. An excellent discussion of the history of venue and the Sixth Amendment is contained in *Maryland v. Brown*, 295 F.Supp. 63 (D.Md. 1969). While many aspects of the Sixth Amendment have been incorporated by the states via the Fourteenth Amendment of the United States Constitution, this specific section has not been. Further, the term "district" used in the amendment has never been defined as far as its application to states is concerned. We factually and judicially know, however, that Floyd and Pike County are located in the same federal judicial district while at the same time are located in separate state judicial districts or circuits. Our legislature attempted to address this problem, along with the underlying desire to have defendants tried by their neighbors, by limiting a change of venue to an adjacent county unless it too could not afford a fair trial to an accused. We hold that in as much as the limitation as to district is part of the U.S. Constitution, the term "district" applies only to federal judicial districts and that Caudill's argument to the contrary has no merit.

■ In our case, Caudill was an elected public official in Floyd County. At the change of venue hearing the Commonwealth called five witnesses as to public opinion about the events in question in Floyd County. While we acknowledge that the evidence produced by the testimony of these witnesses was indeed meager, it was uncontroverted. KRS 452.210 clearly provides that "the court shall transfer the case if it appears that the defendant or the state cannot have a fair trial...." Based on the discretionary nature of the statute, and the evidence produced to the court, we also find and hold that the trial court's action in granting the change of venue to adjoining

Pike County was not an abuse of discretion.

Caudill next argues that the trial court erred in overruling his motion challenging part of the jury panel due to the fact that some of its members had heard the voir dire and trials involving other defendants who were involved in overall investigation attendant to this case. In considering this motion, the trial court stated that there was nothing in the voir dire of the prior cases that would be prejudicial in any way to Caudill. No prejudice was demonstrated and voir dire of the jury in the instant case failed to reveal any. Therefore, we cannot find the court's overruling Caudill's motion to be error.

That the trial court improperly overruled his motion for a directed verdict based on insufficient evidence is Caudill's next contention. He argues that there was no showing of intent as required by the theft by deception of over $100.00 value statute, KRS 514.040, and by the second-degree criminal possession of a forged instrument statute, KRS 516.060.

We agree that in both instances the Commonwealth is required to prove that the accused intended to either deprive the victim of property or defraud, deceive or injure the victim. The record reflects that there were sufficient inferences to allow the jury to find the requisite intent. In *Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3 (1983), the Court held that if reasonable minds might fairly find guilt beyond a reasonable doubt, the case ought to be submitted to the jury. Therefore, we hold that the court did not err in overruling the motion for a directed verdict.

Finally Caudill argues that the court improperly instructed the jury on both the charge of second-degree possession of a forged instrument and on the charge of theft by deception, when such instructions could lead to double convictions for the same conduct. We find this argument to be without merit also. A comparison of the respective statutes indicate that neither is a lesser included offense of the other nor do they require identical courses of conduct. Clearly the offense, theft by deception, contains different and additional elements than the charge of second-degree possession of a forged instrument. We find the instructions given by the court to be adequate and there was no reversible error committed in giving them.

For these reasons the judgment of the Pike Circuit Court is AFFIRMED.

All concur.