Edward **CAUDILL,**
Petitioner–Appellant,

v.

Will T. **SCOTT, Circuit Judge, and Pike Circuit Court, Respondents–Appellees.**

No. 88–5154.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 22, 1988.
Decided Sept. 20, 1988.

Ned B. Pillersdorf, argued, Prestonsburg, Ky., for petitioner-appellant.

Vickie L. Wise, Asst. Atty. Gen., argued, Frederic J. Cowan, Atty. Gen., Elizabeth A. Myerscough, Asst. Atty. Gen., Frankfort, Ky., for respondents-appellees.

Before LIVELY, RYAN and NORRIS, Circuit Judges.

PER CURIAM.

This case concerns the Sixth Amendment right of the accused in a criminal prosecution to be tried by a jury of the "State and district wherein the crime shall have been committed." The question is whether a state prosecution must take place in the state judicial district where the crime was committed. The Federal Magistrate to whom the matter was referred held that "the Sixth Amendment right of vicinage does not apply to the states." The district court agreed and denied petitioner's application for a writ of habeas corpus.

The petitioner was a magistrate of Floyd County, Kentucky when he was indicted by a grand jury of Floyd County for theft by deception and possession of a forged instrument. The indictment resulted from an investigation into official corruption that implicated several Floyd County officials. The Commonwealth made a motion in the Floyd Circuit Court for a change of venue on the ground that it would be impossible to obtain an impartial jury in Floyd County. The presiding judge of the court held a hearing at which the Commonwealth presented testimony concerning the notoriety of the case and the strong feelings of the community. Caudill offered no evidence. The judge then entered an order transferring venue to adjacent Pike County, Kentucky for trial in the Pike Circuit Court. This order was based on a finding that the citizenry of Floyd County was so opinionated with respect to the charges that neither the defendant nor the Commonwealth would get a fair trial.

Following his conviction of possession of a forged instrument after a jury trial in the Pike Circuit Court, Caudill challenged the change of venue in an appeal to the Court of Appeals of Kentucky. The court of appeals held that the term "district" as used in the Sixth Amendment had never been defined to apply to states, that this particular provision of the Bill of Rights had never been held to have been incorporated into the Fourteenth Amendment, and that the Kentucky legislature had protected defendants from being tried in distant places by limiting changes of venue to adjoining counties. See *Caudill v. Commonwealth*, 723 S.W.2d 881 (Ky.App.1986). While the Sixth Amendment does not require this safeguard the statutory provision does respond to arguments that there can be a due process violation if a state requires a person to face trial in a location far distant from the place where the crime was committed.

Following affirmance of the conviction, the Supreme Court of Kentucky denied discretionary review, and these habeas corpus proceedings followed. The magistrate to whom the habeas case was referred agreed with the Kentucky Court of Appeals that the Sixth Amendment provision requires only that in a federal prosecution a person be tried in the federal judicial district where the charged crime was committed. The magistrate found few decisions considering this issue, but concluded that those decisions that have rejected arguments similar to Caudill's are correct. See *Cook v. Morrill*, 783 F.2d 593, 595–96 (5th Cir. 1986); *Martin v. Beto*, 397 F.2d 741, 748 (5th Cir.1968), *cert. denied*, 394 U.S. 906, 89 S.Ct. 1008, 22 L.Ed.2d 216 (1969); *Maryland v. Brown*, 295 F.Supp. 63, 78–81 (D.Md.1969). In *Brown*, Judge Kaufman discussed the fact that the same Congress agreed to submit the Bill of Rights to the states and adopted the Judiciary Act of 1789, which created the federal judicial districts. After comparing the language of the 1789 Act with that of the Sixth Amend-

ment and the venue provision in Article III, Sec. 2, Cl. 3 of the Constitution, he concluded that "districts" as used in the Amendment refer only to federal judicial districts. Our examination of these sources leads to the same conclusion.

Upon consideration of the briefs and oral arguments of counsel, together with the record on appeal, we affirm the judgment of the district court. Caudill was denied no constitutional right by the Commonwealth's securing a change of venue that caused him to be tried in Pike County rather than Floyd County, Kentucky.

AFFIRMED.