**Joseph J. MARESKA, Sr., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 75A03-8805-CR-134.

Court of Appeals of Indiana, Third District.

Feb. 20, 1989.

Martin R. Lucas, North Judson, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Joseph J. Mareska, Sr., is appealing his conviction of disorderly conduct, a Class B misdemeanor. IND.CODE § 35–45–1–3 (1982 Ed.). The Knox city court of Starke County, Indiana, after a jury verdict, sentenced Mareska to pay a $1.00 fine and to serve two months in jail, with all but five days suspended. Mareska appealed this conviction to the Starke circuit court for a trial *de novo*, and after a jury trial there, Mareska was again found guilty and was sentenced to pay a $25.00 fine. On appeal, Mareska raises two issues:

(1) whether the Knox city court has jurisdiction over criminal misdemeanors not committed within the Knox city limits; and

(2) whether the Knox city court jury selection system violates the Sixth Amendment of the United States Constitution.

In June 1986, Mareska was informed that his school bus driving contract with the North Judson–San Pierre School Corporation was going to be cancelled. In response Mareska requested a hearing before the school board, and he was placed on the agenda for the August 4, 1986 meeting. The meeting was held in the town of North Judson in Starke County, Indiana and Mareska was called to speak. At the meeting Mareska became loud, belligerent and vulgar. He refused repeated requests to sit down, and eventually the police were called. An officer from the North Judson Police Department arrived and Mareska dared the officer to arrest him. The policeman accepted the challenge, and Mareska was removed.

Subsequently, on August 4, 1986, an affidavit was filed in the Knox city court charging Mareska with disorderly conduct. Later, on March 25, 1987, Mareska filed a *pro se* motion to dismiss for lack of jurisdiction. The city court denied this motion after a hearing held on April 1, 1987. On December 12, 1987, a jury trial was held and Mareska was found guilty. Throughout the city court proceedings, Mareska maintained his jurisdictional objection by refusing to personally appear in court. He continued this stance until the court issued an arrest warrant on December 26, 1987. Mareska then posted a cash bond and appealed the city court conviction to the Starke circuit court for a trial *de novo*.

In the Starke circuit court, Mareska again filed a motion to dismiss for lack of jurisdiction which the circuit court denied

on February 28, 1988. A jury trial was held on March 4, 1988 which also resulted in a guilty verdict. During the circuit court proceedings, Mareska maintained his jurisdictional objections by refusing to personally appear and by instructing his trial counsel to limit his participation in the trial to preserving the jurisdictional issue.

Mareska's initial contention is that the Knox city court was without jurisdiction to decide the charges that were filed against him. He initially points out that city courts are courts of limited and inferior jurisdiction. These courts possess only such jurisdiction that is expressly conferred by statute. *Gill v. State* (1953), 232 Ind. 36, 111 N.E.2d 275. The criminal jurisdiction of the Knox city court is defined at IND. CODE § 33–10.1–2–2 (1982 Ed.) which provides:

"A city court has the following criminal jurisdiction:

(1) Jurisdiction of all violations of the ordinances of the city.

(2) Jurisdiction of all misdemeanors and all infractions."

Mareska acknowledges that the Knox city court has subject-matter jurisdiction over his case, because he was charged with a misdemeanor and the above-cited statute clearly confers misdemeanor jurisdiction. Regardless of this, Mareska's central argument is that the city court lacks the requisite personal or territorial jurisdiction to hear this particular case. Mareska contends that the city court has no jurisdiction outside the city limits, and since the events in this case occurred outside of the Knox city limits, then the city court has no jurisdiction over his case.

■ Despite artful arguments to the contrary, it is clear that the Knox city court has county-wide misdemeanor jurisdiction. Mareska would read the second part of IND.CODE § 33–10.1–2–2 as if it said, "(2) Jurisdiction of all misdemeanors and all infractions [*occurring within the city limits*]." However a review of this statute's evolution demonstrates that the legislature did not intend such a limited interpretation. The current statute's

predecessor, IND.CODE § 18–1–14–5 (repealed 1980), in part, reads as follows:

"(b) He [the city court judge] has jurisdiction of all violations of the ordinances of such city.

(c) He also has original concurrent jurisdiction with the circuit court for all misdemeanors and for all infractions...."

There is no question that the Starke circuit court has county-wide jurisdiction, IND. CODE § 33–4–1–74.2 (1982), and thus under the former statute, city courts undisputably had county-wide territorial jurisdiction. Reading the present city court jurisdiction statute from the perspective of its predecessor, it is clear that the present version is simply a reiteration of the former, and the present version does not evince any legislative intent to reduce the city court's territorial jurisdiction.

■ The conclusion that the Knox city court had the requisite jurisdiction to decide the charges against Mareska does not dispose of this case. Mareska also raises an additional issue regarding the constitutionality of the jury that decided the charges against him in the city court. Specifically Mareska claims that the nature of the jury panel violated his rights under the Sixth Amendment to the United States Constitution.

In relevant part this amendment reads: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed...."

The city court jury that heard this case was impaneled pursuant to IND.CODE § 33–10.1–5–5 (1982 Ed.) which provides: "All issues of fact pending in city courts shall be tried by the judge, unless either party demands a jury trial. The jury must consist of six (6) qualified voters of the city, to be summoned by the bailiff by venire issued by the judge."

Mareska argues that his rights have been violated since his alleged crime was committed outside the Knox city limits and since the city court jury was composed solely of Knox city voters, then there was

no "impartial jury of the ... district wherein the crime ... [was] committed."

This portion of the Sixth Amendment has never been interpreted in Indiana; however, there are cases from other jurisdictions which are instructive. In *People v. Jones* (1973) 9 Cal.3d 546, 108 Cal.Rptr. 345, 510 P.2d 705, the California Supreme Court decided a case which is highly analogous to the present situation. In *Jones* the defendant was charged with crimes that occurred in the Central Superior Court District of Los Angeles County. Due to a court backlog the case was transferred to Los Angeles County and tried before a jury drawn solely from the South West Superior Court District. On these facts, the defendant argued, as does Mareska, that, since he was tried by a jury which systematically excluded residents of the district where his alleged crime occurred, he was denied his constitutional rights.

After extensively reviewing the legislative history behind the passage of the Sixth Amendment, and after tracing the development of this section from the common-law requirement of a trial by a "jury of the vicinage," *See Jones* at 510 P.2d 707–709 (*citing Williams v. Florida* (1970) 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446) the California Supreme Court held:

> "Although a jury drawn either from an entire county wherein the crime was committed or from that portion of a county wherein the crime was committed will satisfy the constitutional requirement of 'an impartial jury of the State and district wherein the crime shall have been committed' (U.S. Const., 6th Amend.) a jury drawn from only a portion of a county, exclusive of the place of the commission of the crime, will not satisfy the requirement.... In our view, the rule quite simply is that a criminal defendant is entitled to a jury drawn from a jury panel which includes jurors residing in the geographic area where the alleged crime occurred."

*Jones, supra,* 510 P.2d at 710–711.

The court then applied this rule, without regard to any demographic differences between the Central District and the South-

west District, and remanded the case for a retrial before a properly constituted jury.

A similar case, *Alvarado v. State* (1971), Alaska, 486 P.2d 891, involved a factually analogous situation. There, the defendant was charged with a crime allegedly committed in a remote Alaskan village. He was given a jury trial in the superior court of Alaska's Third Judicial District, situated in Anchorage. By long-standing practice jurors in the Third District were drawn from a fifteen-mile radius of Anchorage, which area did not include the site of the alleged crime. The Supreme Court of Alaska also found that this jury selection procedure violated the defendant's Sixth Amendment rights.

The court extensively traced the development of the commonlaw vicinage requirement into the Sixth Amendment mandate of an impartial jury of the district wherein the crime was committed. While much of the court's opinion focused on the cultural differences between relatively urban Anchorage and the rural village where the crime occurred, the Supreme Court of Alaska held that:

> "[T]he traditional starting point for determining the community from which jurors are to be selected is the scene of the alleged offense. Hence, we feel that in determining whether the source from which a given jury is selected represents a fair cross section of the community, we must adhere to a notion of community which at least encompasses the location of the alleged offense." (Footnotes omitted.)

486 P.2d at 902.

The court then applied this traditional rule in a straight forward manner, while allowing for some practical considerations, and remanded the case for a trial before a jury that did not exclude jurors from the district where the alleged crime was committed.

*Alvarado* and *Jones* use slightly different methodologies to arrive at the same conclusion, but these cases both present compelling arguments. The factual situation in the present case is legally indistinguishable from that involved in *Alvarado* and *Jones*. The central, undeniable fact in

this case is that Mareska was tried before a jury that specifically and systematically excluded jurors from the area where his alleged crime occurred. Mareska allegedly committed disorderly conduct in North Judson, and the jury that heard the evidence was drawn solely from the city of Knox. Applying the logic of *Alvarado* and *Jones,* it is inescapable that the city court jury selection system violated Mareska's Sixth Amendment right to an impartial jury drawn from the district where the alleged crime was committed.

The conclusion that Mareska's rights were violated by the unconstitutionally impaneled jury does not dispose of this case, because of the unusual procedural posture. The proper remedy to cure the unconstitutional jury trial would be to remand this case for a new trial before a properly impaneled jury. However, in this case, a retrial has already occurred. The Starke circuit court conducted a trial *de novo* and the jury was drawn from all of Starke County. *See* IND.CODE § 33–4–5–2 (1983 Supp.).

Normally, the constitutional issue presented here would not be reached, because the retrial in the circuit court has effected a cure. Nonetheless, we reach the issue because this is a classic case of an error that is "capable of repetition, yet evading review." *See Ray v. State Election Bd.* (1981), Ind.App., 422 N.E.2d 714. Therefore, to reiterate, the holding here is that the Knox city court had the statutory jurisdiction to hear this case, but the jury panel, which excluded jurors from the area where the alleged crime occurred, contravenes the requirements of the Sixth Amendment. Nonetheless, this case is affirmed, because no remedy is necessary in the particular case.

AFFIRMED.

NEAL, J., concurs.

STATON, J., concurs in result.