Amos Dwayne **STEVENSON**,
Petitioner–Appellant,

v.

Gail **LEWIS**, Warden, Respondent–Appellee.

No. 03–55784.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 15, 2004.*

Filed Sept. 22, 2004.

rayan's petition renders the motion moot.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Steven S. Lubliner, Law Offices of Steven S. Lubliner, Petaluma, CA, for petitioner-appellant.

Rhonda L. Cartwright–Ladendorf, Supervising Deputy Attorney General, State of California, San Diego, CA, for respondent-appellee.

Before: THOMPSON, SILVERMAN, and WARDLAW, Circuit Judges.

SILVERMAN, Circuit Judge.

Habeas petitioner Amos Dwayne Stevenson claims that he was tried in Orange County for a crime he committed in Los Angeles County in violation of the vicinage clause of the Sixth Amendment. The United States Supreme Court has yet to decide whether the vicinage clause applies to the states through the Fourteenth Amendment. Consequently, the California Court of Appeal's decision that petitioner was properly tried in Orange County is not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Accordingly, we affirm on this ground the district court's denial of Stevenson's habeas petition.

### Facts and Procedural History

Stevenson was prosecuted for robbery, rape, kidnaping, and false imprisonment, in connection with four separate incidents. Three of these incidents took place entirely within Orange County, California, and the venue for the trial of these crimes is not disputed. The question in this case concerns the proper venue for the prosecution of the fourth incident, which occurred on November 20, 1992. On that date, Stevenson confronted Deborah W. with a gun outside her apartment in Long Beach, in Los Angeles County. After taking Deborah's money, Stevenson had her drive him to a bank. When Deborah could not find her ATM card, Stevenson ordered her to continue driving and eventually raped her. He took her rings and purse before fleeing. At the time of the crimes, Stevenson was stationed at the Seal Beach Naval Weapons Station in Orange County. Stevenson's barracks was located less than 100 yards from a dumpster in which Deborah's purse was found the morning after she was victimized.

Stevenson was tried on all charges in Orange County Superior Court. A jury convicted Stevenson of kidnaping, robbery, rape, and false imprisonment in connection with all four incidents. The jury also found "true" the special allegation that Stevenson personally used a firearm during the commission of the crimes. Stevenson was sentenced to six consecutive life terms, plus a determinate term of 122 years.

On direct appeal, Stevenson argued that his rights under the Sixth Amendment's vicinage clause were violated when he was tried by an Orange County jury for the crimes involving Deborah. The California Court of Appeal applied the vicinage clause but rejected Stevenson's claim because the charges in question had a sufficient nexus to Orange County to permit trial by an Orange County jury. On federal habeas review, the district court also rejected this claim, but on a different ground; it concluded that the Sixth

Amendment's vicinage clause does not apply to the states. Stevenson now appeals.

### Standards of Review

We review de novo a district court's decision to deny federal habeas relief. *See Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.2003). The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 apply because Stevenson filed his petition after AEDPA's effective date. *See id.*

■ We may not grant federal habeas relief unless we conclude that the state court's adjudication of a petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). If there is no Supreme Court precedent that controls a legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly-established federal law. *See Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir.2004).

### Discussion

Stevenson argues that the state violated his rights guaranteed by the Sixth Amendment's vicinage clause by trying him before an Orange County jury for the crimes involving Deborah. The state argues that Stevenson had no constitutional right to be tried by a Los Angeles County jury because the Fourteenth Amendment does not extend the protections of the Sixth Amendment's vicinage clause to the states.

■ The vicinage clause of the Sixth Amendment guarantees an accused "the right to a ... jury of the ... district wherein the crime shall have been committed, which district shall have been previously ascertained by law." U.S. Const. amend. VI. At the time of its adoption, the Sixth Amendment, like the rest of the

Bill of Rights, applied only to the federal government and therefore only to federal prosecutions. *Cf. Barron v. Baltimore*, 32 U.S. 243, 247, 250–51, 7 Pet. 243, 8 L.Ed. 672 (1833). However, the Fourteenth Amendment Due Process Clause extended certain rights guaranteed by the Bill of Rights to protection against state action. *See Duncan v. Louisiana*, 391 U.S. 145, 147–48, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Not all of the rights guaranteed by the Sixth Amendment were incorporated; rather, only those rights that are "fundamental to the American scheme of justice" or "essential to a fair trial" apply to the states. *Id.* at 148–49, 88 S.Ct. 1444.

The Supreme Court has not decided whether the Fourteenth Amendment incorporated the Sixth Amendment's vicinage right. Neither have we. The only circuits to squarely address the issue have concluded that the Fourteenth Amendment did not extend federal vicinage protection to the states. *See Caudill v. Scott*, 857 F.2d 344, 345–46 (6th Cir.1988); *Cook v. Morrill*, 783 F.2d 593, 594–96 (5th Cir. 1986); *Zicarelli v. Dietz*, 633 F.2d 312, 320–26 (3rd Cir.1980). Most state courts to address the issue have likewise held that the vicinage clause does not apply to the states. *See, e.g., Price v. Superior Court*, 25 Cal.4th 1046, 108 Cal.Rptr.2d 409, 25 P.3d 618, 628–33 (2001); *State v. Bowman*, 588 A.2d 728, 730 (Me.1991); *Commonwealth v. Duteau*, 384 Mass. 321, 424 N.E.2d 1119, 1125–26 (1981); *People v. Lee*, 334 Mich. 217, 54 N.W.2d 305, 308 (1952); *Sailor v. State*, 733 So.2d 1057, 1062 n. 6 (Fla.Dist.Ct.App.1999); *Garza v. State*, 974 S.W.2d 251, 259 (Tex.App.1998); *Bath v. State*, 951 S.W.2d 11, 19 (Tex.App. 1997). A few state courts have assumed that the vicinage clause does apply to the states. *See, e.g., State v. Morgan*, 559 N.W.2d 603, 609 (Iowa 1997); *Mareska v. State*, 534 N.E.2d 246, 248–50 (Ind.Ct.App. 1989).

██ Heeding our obligation to avoid deciding constitutional issues needlessly, we decline to decide, and express no view on, the incorporation question. *See Christopher v. Harbury,* 536 U.S. 403, 417, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002); *Shaw v. Terhune,* No. 02–16829, 380 F.3d 473, 478, 2004 WL 1774634, at *4 (9th Cir. Aug.10, 2004). Here, the California Court of Appeal assumed that the vicinage requirement applied to the states, based on then-controlling California case law,[1] and concluded that Stevenson's vicinage rights were not violated. In California, when a crime is committed in two counties or when acts necessary to commit a crime occur in two counties, an accused can be prosecuted in either county. *See* Cal.Penal Code § 781;[2] *People v. Campbell,* 230 Cal.App.3d 1432, 281 Cal.Rptr. 870, 877–78 (1991); *People v. Williams,* 36 Cal.App.3d 262, 111 Cal.Rptr. 378, 381–84 (1974).

In this case, the state Court of Appeal found that some aspects of the crimes involving Deborah did, in fact, take place in Orange County: Stevenson left his barracks in Orange County to commit the crimes, he carried his gun with him when he left, he returned to Orange County after committing the crimes, and he discarded Deborah's purse in Orange County upon his return. Stevenson does not address these factual findings, let alone challenge them with clear and convincing evidence. Accordingly, we presume them to be correct. *See* 28 U.S.C. § 2254(e)(1); *Pollard v. Galaza,* 290 F.3d 1030, 1035 (9th Cir.2002) (noting that the presumption of correctness attaches to factual findings made by state trial courts and appellate courts alike).

██ The California Court of Appeal concluded, as a matter of state law, that there was a sufficient nexus between the crimes involving Deborah and Orange County to allow a trial by an Orange County jury. This conclusion is not contrary to, or an unreasonable application of, clearly-established federal law as determined by the Supreme Court. As noted above, the Supreme Court has not decided whether the Sixth Amendment's vicinage clause applies to the states. Nor has the Court defined the scope of a state defendant's federal vicinage rights, such as what constitutes the "district" in the state context or whether the vicinage requirement allows a crime committed in two different counties to be tried by a jury drawn from either one. The California Court of Appeal's decision was not contrary to, or an unreasonable application of, clearly-established Supreme Court law, simply because no such law exists. *See Brewer,* 378 F.3d at 955–56.

Therefore, the judgment of the district court is AFFIRMED.

---

**1.** At the time the Court of Appeal decided Stevenson's direct appeal, California precedent held that the Sixth Amendment's vicinage clause applies to the states. *See, e.g., Hernandez v. Municipal Court,* 49 Cal.3d 713, 263 Cal.Rptr. 513, 781 P.2d 547, 552 (1989). The California Supreme Court has since overruled this precedent and now takes the contrary view. *See Price,* 108 Cal.Rptr.2d 409, 25 P.3d at 632–33 & n. 13.

**2.** California Penal Code section 781 provides: "When a public offense is committed in part in one jurisdictional territory and in part in another, or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more jurisdictional territories, the jurisdiction of such offense is in any competent court within either jurisdictional territory."