**Elias H. GONZALEZ, Petitioner,**

v.

**Richard L. MORGAN, Respondent.**

**No. 03–35084.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2005.

Decided March 16, 2005.

Rebecca L. Pennell, Esq., FDWAID—Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Petitioner.

John Joseph Samson, Esq., AGWA—Office of the Washington Attorney General, Olympia, WA, for Respondent.

Before: FERNANDEZ, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM *

Elias Gonzalez appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Gonzalez was convicted in state court for one count of first degree murder, three counts of first degree assault, two counts of first degree robbery, one count of first degree attempted robbery, one count of first degree attempted burglary, and one count of third degree theft. As the facts are familiar to the parties, we do not recite them here except as necessary to understand our disposition.

Gonzalez raises five constitutional claims in his petition: (1) illegal search and seizure of drug evidence, in violation of the Fourth Amendment, as incorporated against the States through the Fourteenth Amendment (2) suppression by the prosecution of evidence favorable to Gonzalez, in violation of the Fourteenth Amendment's

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Due Process Clause, (3) extreme delay in Gonzalez's direct appeal, in violation of the Fourteenth Amendment's Due Process Clause, (4) ineffective assistance of counsel at trial, in violation of the Sixth Amendment, as incorporated against the States through the Fourteenth Amendment's Due Process Clause, and (5) ineffective assistance of counsel on appeal, in violation of the Fourteenth Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

A habeas petitioner under 28 U.S.C. § 2254 cannot obtain federal habeas relief based on a claim adjudicated on the merits in state court unless

> the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 413–14, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

■ Gonzalez contends that his Fourth Amendment right to be free from illegal searches and seizures, as incorporated against the States through the Fourteenth Amendment, was violated when the police seized drug evidence found in his room and the prosecution admitted the drug evidence at trial. Because the Washington state courts provided Gonzalez with a "full and fair opportunity" to litigate his illegal search and seizure claim in state court, this claim is not cognizable in federal habe-

as proceedings. *Stone v. Powell*, 428 U.S. 465, 482, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Ortiz–Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir.1996).

■ Gonzalez contends that his due process rights were violated by the prosecution's late disclosure of a discovery notebook containing a toxicology report that indicated that Gonzalez had a .31 blood-alcohol level at the time he committed his crimes. *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment"). We disagree. The defense had possession of the report three weeks before trial, and had adequate time to decide whether the report would be useful at trial. *See United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir.1985) (holding that a due process violation does not occur where disclosure is "made at a time when disclosure would be of value to the accused"). Moreover, Gonzalez has not established a "reasonable probability" that, but for the late disclosure of the toxicology report, "the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 674, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

■ Gonzalez contends that his seven-year direct appeal process amounts to a due process violation. We held in *United States v. Antoine*, 906 F.2d 1379, 1382 (9th Cir.1990), that excessive delay in appeal under certain circumstances can violate due process. However, the United States Supreme Court has not clearly established a constitutional right to a speedy appeal.

---

1. We review de novo a district court's denial of a § 2254 habeas petition. *Beardslee v. Woodford*, 358 F.3d 560, 568 (9th Cir.2004). Though our review of the district court's decision is de novo, we "cannot grant relief under

AEDPA by conducting our own independent inquiry into whether the state court was correct as a *de novo* matter." *Yarborough v. Alvarado*, 541 U.S. 652, 124 S.Ct. 2140, 2150, 158 L.Ed.2d 938 (2004).

*See* 28 U.S.C. § 2254(d)(1) (referring to "clearly established Federal law, as determined by the Supreme Court"); *see also Stevenson v. Lewis,* 384 F.3d 1069, 1071 (9th Cir.2004) ("If there is no Supreme Court precedent that controls a legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly-established federal law."). Although there is no constitutional right to an appeal, where a right to appeal is given, the appeal proceedings must comport with due process. *See Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Here, however, Gonzalez does not show that the state court's decision rejecting his due process challenge to the appeal's duration was contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

■ Gonzalez contends that he received ineffective assistance of counsel at trial, in violation of his Sixth Amendment rights and due process, because his trial counsel deficiently conducted an investigation of Gonzalez's impairment due to alcohol, and that this hindered his diminished capacity defense and caused a breakdown in the attorney-client relationship. Under *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to establish ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that the defendant was prejudiced by his attorney's deficiency. Here, Gonzalez's counsel presented a diminished capacity defense, and the toxicology report was admitted in evidence before the jury. Gonzalez's counsel also contacted an expert to testify, explained to Gonzalez and to the court the importance of having an expert testify,

and, when the expert was unavailable for trial, tried to convince Gonzalez to agree to a continuance to allow the expert to take the stand. Gonzalez, however, refusing to waive his speedy trial rights, decided to proceed to trial without an expert on his diminished capacity defense. It was not unreasonable for the state court to decide that Gonzalez's counsel's performance was not deficient and Gonzalez was not prejudiced, and so we affirm the district court's denial of federal habeas relief.[2] *See Strickland,* 466 U.S. at 691, 104 S.Ct. 2052 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions.").

■ Gonzalez contends that he received ineffective assistance of counsel on appeal, in violation of the Fourteenth Amendment. The district court dismissed this claim because Gonzalez had failed to exhaust it in his petition for discretionary review to the Washington State Supreme Court. A state prisoner must first exhaust all available state remedies for all claims before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1). This requires a state prisoner to "fairly present" his federal claims to the state supreme court. *Baldwin v. Reese,* 541 U.S. 27, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004). Exhaustion requires a state prisoner to "include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland,* 518 U.S. 152, 163, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). "Incorporation by reference" is insufficient to exhaust a constitutional claim before a state supreme court. *Baldwin,* 124 S.Ct. at 1350–51. Gonzalez's petition did not exhaust his ineffective assistance of appel-

---

**2.** Because Gonzalez personally was aware of the intoxication evidence, this case is unlike *Landrigan v. Stewart,* 272 F.3d 1221 (9th Cir.

2001), *reh'g en banc granted by* 397 F.3d 1235 (9th Cir.2005).

late counsel claim because his petition incorporated by reference the entire factual basis for his claim. Because Gonzalez did not include in his petition to the state supreme court "a statement of the facts which entitle [him] to relief," he did not exhaust his constitutional claim of ineffective assistance of appellate counsel, and we lack jurisdiction to review that claim in federal habeas proceedings. *See Gray,* 518 U.S. at 163, 116 S.Ct. 2074.

AFFIRMED.