*\* The panel unanimously finds this case suitable for decision without oral argument. See Fed.*

on prisoner's by California Penal Code section 2085.5(c) is punitive under the Ex Post Facto Clause. Therefore, we reverse the district court's dismissal and remand.

**REVERSED and REMANDED.**

**Kyle Clayton RAY, Petitioner,**

v.

**E.K. MCDANIEL, Respondent.**

**No. 04–16871.**

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2006.*

Decided June 15, 2006.

R.App. P. 34(a)(2).

Marc Picker, Esq., Reno, NV, for Petitioner.

David K. Neidert, Esq., Office of the Nevada Attorney General, Carson City, NV, for Respondent.

Before: RYMER, T.G. NELSON, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Appellant Kyle Clayton Ray was charged with three counts of murder with a deadly weapon. Ray was fifteen years old at the time. After the state trial court denied his motion to suppress, Ray pled guilty to two counts of murder with a deadly weapon. His plea was conditioned on his ability to appeal the suppression denial. The Nevada Supreme Court rejected Ray's appeal. Ray then filed a 28 U.S.C. § 2254 habeas petition in the United States District Court for the District of Nevada. Ray seeks review of the district court's denial of his petition. The parties

are familiar with the facts and we do not repeat them in great detail here.

We review the district court's decision to deny a 28 U.S.C. § 2254 habeas petition de novo. *Beardslee v. Woodford,* 358 F.3d 560, 568 (9th Cir.2004) (as amended). Findings of fact made by the district court are reviewed for clear error. *Riley v. Payne,* 352 F.3d 1313, 1317 (9th Cir.2003). Because Ray filed his petition after April 16, 1996, the provisions of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") govern this case. *Stevenson v. Lewis,* 384 F.3d 1069, 1071 (9th Cir. 2004). Under AEDPA we can only grant Ray's petition if the state court decision was either "contrary to" or an "unreasonable application" of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 380–82, 384–86, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). As to the "unreasonable application" analysis we ask whether the state court's decision was an objectively unreasonable application. *Id.* at 409.

Ray claims that the state court was objectively unreasonable in determining that statements he made to an officer upon his arrest relating to the location of the murder weapon were not subject to suppression because his right to warnings under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was violated. The state court held that though Ray was "in custody" and subjected to interrogation, the *New York v. Quarles,* 467 U.S. 649, 656, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984), public-safety exception excused the officer's failure to issue *Miranda* warnings because the "officer[ ] ask[ed] questions reasonably prompted by a concern for the public safety." Under the circumstances of this case, we hold that the state court's determination was not objectively unrea-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

sonable where the officer came across a triple homicide suspect, and the officer's questions were limited to whether Ray had a gun on or near him.

We decline to broaden the Certificate of Appealability beyond this question.

AFFIRMED.