MEMORANDUM *
We affirm the district court’s denial of Adrian Cida’s habeas petition and dismissal with prejudice. Cida filed his petition after April 16, 1996, so our review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Stevenson v. Lewis, 384 F.3d 1069, 1071 (9th Cir.2004).
Cida is not entitled to relief on the certified issue.[1] The California court of appeal’s conclusion that there was no violation of Cida’s due process rights under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), is not contrary to, or an unreasonable application of, *203 clearly established federal law. Evidence of the misconduct allegations and investigation of Officer Montoya could reasonably be determined to be not material under Brady. See Stickler v. Greene, 527 U.S. 263, 291-94, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999); see also Wood v. Bartholomew, 516 U.S. 1, 6-7, 116 S.Ct. 7, 133 L.Ed.2d 1 (1995) (per curiam).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Cida also argues that the California court of appeal erred by holding that his attorney did not render ineffective assistance of counsel by seeking to introduce evidence that Cida offered to take a polygraph test, and by entering into a stipulation about polygraph evidence. We decline to expand the Certificate of Ap-pealability to include these issues. 28 U.S.C. § 2253(c)(2); Doe v. Woodford, 508 F.3d 563, 567 (9th Cir.2007).